UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ISAAC HUBBERT,

        Plaintiff,

   v.

MONROE COUNTY SHERIFF'S
DEPARTMENT et al.,

        Defendants.

22-CV-1009-LJV-JJM
DECISION & ORDER

       On December 27, 2022, the pro se plaintiff, Isaac Hubbert, commenced this action under 42 U.S.C. § 1983.  Docket Item 1.  Hubbert amended his complaint three times, *see* Docket Item 5 (amended complaint); Docket Item 8 (second amended complaint); Docket Item 23 (third amended complaint), and this Court screened the second and third amended complaints under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, Docket Items 22 and 35.  Ultimately, the Court dismissed all of Hubbert's claims except his failure-to-intervene claim against Monroe County Sheriff's Department Officer John McCrone and his equal protection claim against Monroe County Sheriff's Department Officer Thomas M. Parker.[1]  *See* Docket Item 35 at 1-2, 20.

       After McCrone and Parker answered the third amended complaint, Docket Item 42, this Court referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Item 44.

---

[1] In his second and third amended complaints, Hubbert named these defendants only as "Parker" and "McCrone."  *See* Docket Item 8 at 2; Docket Item 23 at 2; *see also* Docket Item 35 at 4 n.3.  Because the defendants' filings include their full names, *see* Docket Item 64-3 at 1, the Court refers to those names here.  The Clerk of the Court shall update the docket accordingly.

On October 31, 2024, the defendants moved for summary judgment, Docket Item 64; and Hubbert responded, Docket Item 67.[2]  Judge McCarthy heard oral argument on the motion, Docket Item 69, and on December 30, 2024, he issued a Report and Recommendation ("R&R") recommending that the defendants' motion be granted in part and denied in part.  Docket Item 70.  Both Hubbert and the defendants objected to the R&R, Docket Item 71 (defendants' objection); Docket Item 72 (Hubbert's objections), and this Court set a briefing schedule on those objections, Docket Item 73.  The defendants responded to Hubbert's objections, Docket Item 74, but Hubbert did not respond to their objection and the time to do so has passed, see Docket Item 73.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review de novo those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R, the record, the objections, and the defendants' response.  Based on that de novo review, the Court accepts and adopts Judge McCarthy's recommendation to grant in part and deny in part the defendants' motion for summary judgment.

## **DISCUSSION**[3]

Hubbert's claims against the defendants relate to two distinct incidents.  See Docket Items 8 and 23; see also Docket Item 35 at 3-6.  First, he says that McCrone

---

[2] The defendants did not reply.

[3] The Court assumes the reader's familiarity with the underlying facts, see Docket Items 8, 23, and 42; see also Docket Item 35 at 3-6 (summarizing Hubbert's

failed to intervene to prevent Hubbert from being assaulted by another inmate at the Monroe County Jail on December 11, 2022.  *See* Docket Item 23 at 7; Docket Item 35 at 5; Docket Item 70 at 2.  Second, he says that the next month, in January 2023, Parker destroyed his cell and wrote a racial slur on his mattress in violation of Hubbert's right to equal protection.  *See* Docket Item 8 at 7; Docket Item 35 at 5; Docket Item 70 at 3.

The defendants argue that summary judgment should be granted in their favor because (1) Hubbert failed to properly exhaust his administrative remedies as to either of his claims; (2) Hubbert's claim that McCrone failed to intervene is "controverted by the surveillance video" of the incident submitted by the defendants; and (3) Hubbert's equal protection claim against Parker is not supported by sufficient evidence to proceed to trial.  Docket Item 64-3 at 4-8.  Judge McCarthy recommended that this Court accept only the last of those arguments.  Docket Item 70 at 5-11.  More specifically, Judge McCarthy found that there are genuine issues of material fact as to whether Hubbert properly exhausted his claims and whether McCrone failed to intervene in violation of Hubbert's constitutional rights.  *Id.* at 5-9.  But he found that summary judgment should be granted in Parker's favor on Hubbert's equal protection claim because there was no admissible evidence in the record showing that Parker was personally involved in the January 2023 mattress incident.  *Id.* at 9-11.

Both the defendants and Hubbert filed objections.  Docket Items 71 and 72.

---

allegations), and Judge McCarthy's analysis in the R&R, *see* Docket Item 70, and it refers to them only as necessary to explain its decision here.  On a motion for summary judgment, the court construes the facts in the light most favorable to the non-moving party—here, Hubbert.  *See Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011).  Throughout this decision, some capitalization is omitted when quoting Hubbert's filings.

3

**I.     THE DEFENDANTS' OBJECTION**

The defendants' sole objection to the R&R relates to Judge McCarthy's recommendation that summary judgment be denied on exhaustion grounds.  *See* Docket Item 71.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), prisoners may not commence an action in federal court regarding "prison conditions" without first exhausting all available administrative remedies.  42 U.S.C. § 1997e(a); *see Perttu v. Richards*, 145 S. Ct. 1793, 1798 (2025).  But the Supreme Court has held that administrative remedies are unavailable—and thus, that exhaustion is not required by the PLRA—under three circumstances.  *See Romano v. Ulrich*, 49 F.4th 148, 153 (2d Cir. 2022) (citing *Ross v. Blake*, 578 U.S. 632, 643 (2016)).  More specifically, exhaustion is not required (1) "when (despite what regulations or guidance materials may promise) [the grievance process] operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when the "administrative scheme [is] so opaque that it becomes, practically speaking, incapable of use"; and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  *Id.* (quoting *Ross*, 578 U.S. at 643-44).  "Because [the] failure to exhaust is an affirmative defense," on a motion for summary judgment, the "defendant[] bear[s] the initial burden of establishing . . . that a grievance process exists and applies to the underlying dispute." *Hubbs v. Suffolk Cnty. Sheriff's Dep't*, 788 F.3d 54, 59 (2d Cir. 2015).

4

Judge McCarthy found that there was "a genuine issue of material fact as to whether the grievance process was available to" Hubbert.[4]  Docket Item 70 at 6 (some internal quotation marks omitted) (quoting *Medina v. Napoli*, 725 F. App'x 51, 54 (2d Cir. 2018) (summary order)).  He therefore recommended that "summary judgment [be denied] on the basis of failure to exhaust administrative remedies."  *Id.*

The defendants do not object to Judge McCarthy's finding that issues of material fact preclude summary judgment.  *See* Docket Item 71 at 1.  But they say that instead of denying the motion, this Court should hold "a non-jury evidentiary hearing" to "determine the issue of whether [Hubbert] failed to exhaust his administrative remedies."  *Id.*  Indeed, they cite several cases—including the Second Circuit's decision in *Messa v. Goord*, 652 F.3d 305, 309 (2d Cir. 2011)—in which courts held such hearings prior to trial.  *See* Docket Item 71 at 1 (collecting cases).

As an initial matter, the Court notes that the defendants do not appear to have raised this issue before Judge McCarthy.  *See* Docket Item 64-3 at 5-6 (arguing that there is no issue of material fact as to Hubbert's failure to exhaust and asking the Court to grant summary judgment on that basis).  That, in itself, is reason to reject it here.  *See Dallio v. Hebert*, 678 F. Supp. 2d 35, 42 (N.D.N.Y. 2009) ("[A] district court will ordinarily refuse to consider arguments, case[]law and/or evidentiary material that could

---

[4] For the reasons explained below, this Court adopts Judge McCarthy's recommendation to dismiss Hubbert's equal protection claim against Parker.  *See infra* Section II.  So to the extent that the defendants seek a hearing on exhaustion, that would be relevant only to Hubbert's exhaustion of his failure-to-intervene claim against McCrone.  Nonetheless, because the defendants jointly challenge this finding, this Court refers to both throughout this section.

5

have been, but was not, presented to the [m]agistrate [j]udge in the first instance." (quoting *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 425 n.1 (N.D.N.Y. 2009))).

In any event, the defendants' argument is misplaced. That is, they may well be entitled to a hearing on exhaustion prior to a jury trial, *see, e.g.*, *Messa*, 652 F.3d at 307-08, but that is no reason to deny summary judgment, *see Mago v. Finnucan*, 2023 WL 4850673, at *3 (D. Conn. July 28, 2023) (denying defendants' motion for summary judgment based on material issues of fact concerning exhaustion under PLRA and holding that the issue would instead be decided at evidentiary hearing before the court). Indeed, two of the cases cited by the defendants involved hearings that were held *after* the court had denied summary judgment on exhaustion grounds.[5] *See Messa*, 652 F.3d at 307-08 (upholding district court's use of evidentiary hearing to decide exhaustion issue on eve of trial after district court had denied summary judgment motion on exhaustion grounds); *Murray v. Palmer*, 2010 WL 1235591, at *1 (N.D.N.Y. Mar. 31, 2010) (noting that "trial in [pro se] prisoner civil rights action . . . began with an evidentiary hearing . . . regarding the affirmative defense" of plaintiff's failure to exhaust); *Murray v. Palmer*, 2008 WL 2522324, at *1 (N.D.N.Y. June 20, 2008). (denying defendants' motion for summary judgment to extent motion was based on failure to exhaust).

---

[5] In the third case cited by the defendants—*Harriot v. Annucci*, 2018 WL 1210890 (W.D.N.Y. Mar. 8, 2018)—the court granted the defendants' request for a hearing after granting in part and denying in part the defendants' motion for judgment on the pleadings. *See id.* at *5-6. But even if that case suggests that the defendants could have sought an evidentiary hearing before moving for summary judgment, that does not mean that summary judgment cannot be denied until the defendants have been afforded an evidentiary hearing.

The Court therefore overrules the defendants' objection without prejudice to the defendants' requesting an evidentiary hearing on exhaustion prior to trial.[6]

## II. HUBBERT'S OBJECTIONS

Hubbert raises several objections. *See* Docket Item 72 at 1-4. But as the defendants point out, *see* Docket Item 74 at 1-2, most of those "objections" relate to the defendants' arguments that Hubbert failed to either properly exhaust his claims or raise a genuine issue of material fact as to his failure-to-intervene claim against McCrone. *See* Docket Item 72 at 1-4. And because Judge McCarthy ultimately agreed with Hubbert on both of those issues, *see* Docket Item 70 at 5-9, this Court need not address Hubbert's "objections" on those points.

Hubbert's remaining objection relates to his equal protection claim against Parker. *See* Docket Item 72 at 2. More specifically, Hubbert contends that this claim should not be dismissed because "the defendant[s] never let . . . Parker put his input of what happen[ed] on the day" of the mattress incident. *Id.* Hubbert therefore "ask[s] that the [C]ourt[] allow [him] to el[a]b[o]rate on what happened" and to require "the defendants [to] produce the footage of the dorm area on that day." *Id.*

As Judge McCarthy noted, Hubbert did "not address the alleged January 2023 mattress incident" in his opposition to summary judgment and, in fact, "omitted the claim

---

[6] The defendants should be prepared to address, in any such request, whether a non-jury evidentiary hearing on exhaustion is consistent with the Supreme Court's recent decision in *Perttu*. In that case, the Court held that "parties are entitled to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim protected by the Seventh Amendment." *Perttu*, 145 S. Ct. at 1807.

7

entirely from his most recent complaint."[7]  Docket Item 70 at 9 (citing Docket Items 23 and 67).  Nevertheless, in light of Hubbert's pro se status, Judge McCarthy did not simply deem the claim abandoned but reviewed the record to determine whether there was any admissible evidence that would preclude summary judgment.  *Id.* at 9-11.  And because Hubbert had offered only hearsay statements and his own "unsubstantiated belief" that Parker was personally involved in the incident, Judge McCarthy found that Hubbert had failed to meet his burden to show that there was a genuine issue for trial on this claim.  *Id.* at 10-11.

Hubbert does not dispute that he failed to produce any admissible evidence showing Parker's personal involvement in the mattress incident.  *See* Docket Item 72 at 2; Docket Item 70 at 9-11.  Instead, he essentially says that during discovery the defendants did not provide him with the information he needs to support his claim.  *See* Docket Item 72 at 2.  But Hubbert did not make this argument before Judge McCarthy, *see* Docket Item 70 at 9; Docket Item 67 at 1-4, and so, as above, this Court is not inclined to consider it here, *see Dallio*, 678 F. Supp. 2d at 42.

What is more, even if Hubbert had properly raised this contention before Judge McCarthy, that would not change the Court's conclusion.  "The Second Circuit has consistently held that a party opposing a motion for summary judgment who claims to be unable to produce evidence in opposition to the motion must file an affidavit

---

[7] Hubbert asserted his claim against Parker only in his second amended complaint, *see* Docket Item 8, and in screening that complaint, this Court found that the claim was colorable and could proceed to service, *see* Docket Item 22 at 17-19.  Although Hubbert did not name Parker as a defendant in the third amended complaint, because this Court had already deemed the claim colorable, it "liberally construe[d] the third amended complaint as asserting a claim against Parker" and allowed that claim to proceed.  *See* Docket Item 35 at 4 n.3, 20.

8

explaining: (1) what discovery he needs; (2) how those facts are reasonably expected to create a genuine issue of material fact; (3) what efforts the affiant has made to obtain those facts; and (4) why those efforts were unsuccessful." *CIT Grp./Com. Servs., Inc. v. Prisco*, 640 F. Supp. 2d 401, 409 (S.D.N.Y. 2009) (citing *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 923 (2d. Cir.1985)).  And while "'[t]he nonmoving party must have had the opportunity to discover information that is essential to his opposition to'" summary judgment, a "request for discovery based on 'speculation as to what potentially could be discovered' should be denied." *Id.* (first quoting *Trebor Sportswear Co., Inc. v. The Ltd. Stores, Inc.*, 865 F.2d 506 (2d Cir.1989); and then quoting *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Stroh Cos., Inc.*, 265 F.3d 97, 117 (2d Cir.2001)).

Liberally construing Hubbert's objections, the Court finds that he has described the specific discovery he needs:  namely, testimony from Parker and footage of Hubbert's "dorm area" during the period in question.  Docket Item 72 at 2.  Moreover, his objections suggest that those materials could "reasonably [be] expected to create a genuine issue of material fact" by showing Parker's personal involvement in the January 2023 incident.  *See CIT Grp./Com. Servs.*, 640 F. Supp. 2d at 409; Docket Item 72 at 2.

But Hubbert has not provided any information about any "efforts [he] made to obtain those facts," nor has he explained "why those efforts were unsuccessful."  *See CIT Grp./Com. Servs.*, 640 F. Supp. 2d at 409; Docket Item 72 at 2.  Indeed, there is nothing to indicate to this Court that Hubbert lacked "the opportunity to discover information that is essential to his opposition to" summary judgment.  *See CIT Grp./Com. Servs.*, 640 F. Supp. 2d at 409.  For instance, he does not say that he

attempted to depose Parker or subpoena video surveillance of the January 2023 incident or that he was unable to do so.  See Docket Item 72 at 2.  And nothing in the record indicates that he made any such efforts.[8]  On the contrary, fact discovery in this case closed more than a year ago.  See Docket Item 63.  And as Judge McCarthy observed, Hubbert "declined three opportunities to advance his equal protection claim": in his most recent amended complaint, in his opposition to the defendants' motion for summary judgment, and at oral argument on that motion.  Docket Item 70 at 10 n.6.  So at least at present, this Court has no basis to deny summary judgment to allow for more discovery.

In sum, Hubbert has implicitly acknowledged that he has not offered sufficient evidence for his claim to proceed, and he has not explained why he did not seek the discovery he requests at an earlier stage in the case.  See Docket Item 72; see also Just. v. Wiggins, 2014 WL 4966896, at *6 (N.D.N.Y. Sept. 30, 2014) (granting summary judgment where plaintiff offered only hearsay evidence in support of failure-to-intervene claim and asked to reopen discovery to obtain testimony of a witness because "plaintiff ha[d] offered no justification for not seeking an affidavit from or deposition of [that witness] before the close of discovery").  The Court therefore denies his objection and

---

[8] Over the course of this action, Hubbert has filed numerous letters and motions, see e.g., Docket Items 25, 30, 33, 46, 55, 56, and 58, including a motion to enforce a subpoena of footage of the December 2022 incident, Docket Item 47 at 1.  But he apparently never made any similar request about footage related to the January 2023 incident.

adopts Judge McCarthy's recommendation to grant summary judgment on Hubbert's equal protection claim.[9]

### III. THE REMAINDER OF JUDGE MCCARTHY'S RECOMMENDATIONS

While the Court need not review any portions of an R&R to which no objections are raised, see *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985), this Court nevertheless has reviewed Judge McCarthy's R&R in its entirety, including those recommendations to which neither party objected. *See* Docket Items 71 and 72. Based on that review and the absence of any objections to those portions of the R&R, the Court accepts and adopts in its entirety Judge McCarthy's recommendation to grant in part and deny in part the defendants' motion for summary judgment. More specifically, the Court denies the defendants' motion for summary judgment on the basis of failure to exhaust and as to Hubbert's failure-to-intervene claim against McCrone, and it grants the motion as to Hubbert's equal protection claim against Parker.

### CONCLUSION

For the reasons stated above and in the R&R, the defendants' motion for summary judgment, Docket Item 64, is GRANTED IN PART and DENIED IN PART. The Clerk of the Court shall remove Parker as a defendant to this case, and Hubbert and McCrone shall contact the Court within 30 days to schedule a status conference.

---

[9] In light of Hubbert's pro se status, he may ask Judge McCarthy to reopen discovery. And should Judge McCarthy grant that request, Hubbert may then ask this Court to reconsider its decision here.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States,* 369 U.S. 438 (1962).

SO ORDERED.

Dated:   July 30, 2025
         Buffalo, New York

                          */s/ Lawrence J. Vilardo*
                          LAWRENCE J. VILARDO
                          UNITED STATES DISTRICT JUDGE