UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ISSAC HUBBERT,

                              Plaintiff,                       **DECISION AND ORDER**

v.                                                           Case No. 1:22-cv-1009-LJV-JJM

JOHN McCRONE, *Deputy Sheriff Jailor*,

                              Defendant.
_____

        Plaintiff Issac Hubbert commenced this action, *pro se*, pursuant to 42 U.S.C. §1983, alleging constitutional violations during his incarceration at the Monroe County Jail. Third Amended Complaint [23][1]. By Decision and Order dated July 30, 2025, District Judge Vilardo adopted my Report and Recommendation and denied defendant McCrone's motion for summary judgment on Hubbert's failure to protect claim without prejudice to a request for an evidentiary hearing on the issue of exhaustion, and granted summary judgment on Hubbert's equal protection claim as to defendant Parker. [75] at 4-11.

        Before the court are Hubbert's motion to reopen discovery [77, 81] and McCrone's motion for an exhaustion hearing [89]. The motions have been referred to me by Judge Vilardo for initial consideration [44]. Having reviewed the parties' submissions [77, 81, 84, 89, 93, 94, 95, 96], for the following reasons the motion to reopen is granted, and the motion for an exhaustion hearing is denied without prejudice.[2]

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

[2]     As my ruling does not dispose of any party's claim or defense, I consider it to be a nondispositive matter pursuant to Fed. R. Civ. P. 72(a).

## DISCUSSION

A.     **Motion to Reopen Discovery**

Hubbert, now represented by counsel, moves to reopen discovery. [77, 81, 93]. He seeks production of "policies, procedures, and protocols from the Monroe County Jail relating to intake, protecting and handling inmates on suicide watch, segregating inmates, dealing with inmates who have propensity towards violence, and handling and maintaining grievances; training information related to securing inmates on suicide watch; Plaintiff's intake information; video footage from the January 2023 mattress incident; reports related to the January 2023 mattress incident; Plaintiff's prior incarceration in 2018-2019; other incidents involving Marcus Tookes; disciplinary and personnel records of the Defendants; Plaintiff's medical records; and deposition of parties and non-parties". [93] at 5. Hubbert argues that there is good cause for doing so in that he had previously been prosecuting the case *pro se*, that such evidence is critical to his claims, and that defendants will not be prejudiced. [93] at 4-6.

Defendants[3] do not oppose reopening discovery for the period of time requested by Hubbert ("not to exceed 120 days"), but they "reserve the right to oppose" any discovery relating to the now-dismissed equal protection claim. [95] at 1-2. Defendants point out that Hubbert appears to have made no effort before now to obtain discovery on that issue. Id.; *see* Decision and Order [75] ("nothing in the record indicates that he made any such efforts"). Hubbert did not submit a reply to address that assertion or defendants' proposal, and the deadline to do so has now passed. *See* Text Order [92].

I find that Hubbert's unopposed motion satisfactorily establishes good cause to reopen discovery, particularly given the recent appointment of *pro bono* counsel. See Williams v.

---

[3]     While only one defendant remains (McCrone), defense counsel is also staking a position on behalf of terminated defendant Thomas Parker.

Fischer, 2015 WL 3522431, *3 (W.D.N.Y. 2015). ("[t]his Court has reopened discovery following appointment of counsel to a *pro se* litigant where the trial in that case was not imminent, defendants were not prejudiced since the discovery would be conducted expeditiously, and such discovery would lead to relevant evidence").

Therefore, the motion to reopen discovery is granted, subject to any proper objections by defendants. *See generally* Fed. R. Civ. P. 26(g). The parties shall confer and submit to my chambers a proposed Second Amended Case Management Order with agreed-upon deadlines for my signature.

**B.    Motion for Exhaustion Hearing**

In my previous Report and Recommendation, I concluded that "Hubbert's testimony, 'when viewed in the light most favorable to [plaintiff], . . . raise[s] a genuine issue of material fact as to whether the grievance process was 'available' to [him]'" with respect to his failure to protect claim. [70] at 6 (*quoting* Medina v. Napoli, 725 F. App'x 51, 54 (2d Cir. 2018) (Summary Order)). Judge Vilardo agreed and denied summary judgment without prejudice to a request for a pretrial evidentiary hearing on the issue of exhaustion. [75] at 4-7.

McCrone now moves for such a hearing. [89]. However, as discovery will now reopen, new information relevant to the issue of exhaustion may be disclosed. As such, the motion is premature. *See* Sorrentino v. Annucci, 2025 WL 1033687, *6 (N.D.N.Y. 2025) ("[w]hile the District Court could order an exhaustion hearing, doing so here without the benefit of discovery would not be the most efficient manner in which to resolve the factual disputes presented"). Therefore, I deny the motion without prejudice to refiling, if necessary, after discovery is closed.

## CONCLUSION

For these reasons, plaintiff's motion to reopen discovery [77, 81] is granted, and defendant's motion for an evidentiary hearing [89] is denied without prejudice.

Dated:  February 4, 2026

<u>/s/ Jeremiah J. McCarthy</u>
JEREMIAH J. MCCARTHY
United States Magistrate Judge
